IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDRUS LOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:12-CV-682-WKW |
| | ) [WO] |
| MHM CORRECTIONAL | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant MHM Correctional Services, Inc.'s timely Motion for Attorneys' Fees, filed pursuant to Federal Rule of Civil Procedure 54(d)(2). (Doc. # 27.) Plaintiff Andrus Love has responded in opposition, proceeding *pro se*. (Doc. # 29.)[1]

On January 14, 2014, a hearing on the motion was held, at which time Natasha Wilson, Esq., counsel for MHM, verified the authenticity of the evidence supporting MHM's request for $112,100.80 in fees. Mr. Love represented that he had notice of MHM's motion and that he did not object to MHM's evidence or computation of fees. He opposes the motion because he believes that his former attorney should be held responsible for any fee award – not him. After careful

---

[1] Mr. Love was represented by counsel through final judgment in this case, but his attorney withdrew on October 25, 2013.

consideration of the evidence, arguments, and relevant law, the court finds that MHM's motion for attorneys' fees is due to be granted.

## I. STANDARD FOR AWARDING ATTORNEYS' FEES

Normally, parties bear the burden of paying their own attorneys' fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). But MHM invokes the court's discretionary authority, established by statute, to award "a reasonable attorney's fee" to a "prevailing party" in a Title VII suit. 42 U.S.C. § 2000e-5(k); *Id.* at § 1988(b). "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). The Eleventh Circuit has held that a case is not likely "frivolous" where the plaintiff puts forward evidence sufficient to support his claim. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985). The important factors to consider include whether the plaintiff established a prima facie case; whether the defendant offered to settle; and whether the district court dismissed the case before trial. *Id.* These are "not hard and fast rules" – just "general guidelines" to be applied on a "case-by-case basis." *Id.*

## II.  THE ARGUMENTS

MHM represents that it repeatedly requested that Mr. Love dismiss his case with prejudice because his legally insufficient claims would fail to withstand a summary judgment motion, yet Mr. Love ignored MHM's requests and proceeded to litigate "knowingly frivolous claims" (Doc. # 27, at 2) "in bad faith" (Doc. # 27-1, at 4).  Citing the *Sullivan* factors, MHM demonstrates that: (1) this court concluded that Mr. Love failed to make a prima facie case in support of any of his three Title VII claims; (2) MHM never offered a substantial settlement to Mr. Love; and (3) the case was resolved at summary judgment, prior to trial.[2]  Hence, MHM argues that it is entitled to attorneys' fees and expenses as the prevailing party, and it estimates its fees and expenses to be $112,100.80.  (Doc. #27-1, at 8.)

Mr. Love responds to the motion by arguing that his former attorney, Juraldine Battle-Hodge, should assume responsibility for any fee award in favor of MHM.  (Doc. # 29, at 1.)  In his response and at the January 14, 2014 hearing, Mr. Love criticized generally Ms. Battle-Hodge's performance, her accessibility to him, and her lack of ardor in prosecuting his claims.  He asserted that the court should deny MHM's motion because his claims against MHM were potentially

---

[2] On September 23, 2013, this court granted MHM's motion for summary judgment and concluded that Mr. Love failed to establish a prima facie case of gender discrimination, race discrimination, or retaliation.  (Doc. # 25.)

meritorious, and even if they were not, Ms. Battle-Hodge failed to advise him that he should dismiss his case voluntarily.

MHM replies that Mr. Love has not and cannot show that his claims were meritorious and argues that Mr. Love wanted to prosecute his case "in an attempt to punish MHM" for "misperceived wrongs." (Doc. # 34, at 1.) As for Mr. Love's effort to deflect responsibility away from himself and onto Ms. Battle-Hodge, MHM cites *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 916 (11th Cir. 1982), for its propositions that "an attorney is his client's agent and representative," and thus, "the client retains ultimate authority over the conduct of litigation." The *Durrett* court held that "the perception that [plaintiff's] counsel was primarily at fault in filing or maintaining a frivolous, groundless, or unreasonable claim should play no role in the decision whether to assess attorney's fees against the plaintiff in a Title VII case." *Id.*[3] [4]

---

[3] *Durrett* also provides that the prevailing party may seek assessment of attorneys' fees "against counsel who has either willfully disobeyed a court order or acted in bad faith, vexatiously, wantonly, or for oppressive reasons." 678 F.2d at 919. However, MHM does not seek an order assessing fees against Ms. Battle-Hodge.

[4] The court in *Durrett* also held that district courts should consider, "as a limiting factor, the plaintiff's financial resources" to pay an attorney's fee award. *Id.* at 917. The court advised that the plaintiff's inability to pay did not mean that the district court should decline altogether to award fees to the prevailing defendant because not assessing fees would not deter the filing of frivolous lawsuits. *Id.* Thus, a determination of indigence will "limit, but not eliminate, the award." *Id.*; *see also Nesmith v. Martin Marietta Aerospace*, 833 F.2d 1489, 1491 (11th Cir. 1987) (citing *Durrett* and affirming a modification of a fee award amount in consideration of plaintiff's ability to pay). *Durrett* suggests that complete indigence, or limited ability to pay, is a finding that must be "established" with evidence or testimony. *See* 678 F.2d at 917. And in the similar context of determining the amount of costs to award a prevailing party pursuant to

### III.  FINDINGS

A. <u>**Attorneys' Fees**</u>

Upon consideration of the arguments, evidence, and law, the court concludes that MHM has met the *Christianburg* standard by showing that Mr. Love filed and continued to prosecute a frivolous lawsuit.  In addition to not proving a prima facie case, not receiving an offer to settle, and losing at summary judgment, *see Sullivan*, 773 F.2d at 1189, Mr. Love declined, on more than one occasion during this litigation, to voluntarily dismiss his suit when presented with    MHM's  prospects of success at summary judgment.  (*See* Doc. # 27-2, at 20, 22, 35–37).  Before MHM filed its motion for summary judgment, Ms. Wilson represented to Ms. Battle-Hodge that she would try to convince her client not to seek attorneys' fees and costs if Mr. Love would dismiss the case, but Mr. Love would not budge.  (Doc. # 27-2, at 35–37.)

Mr. Love's argument that Ms. Battle-Hodge is to blame is not grounds for this court to deny MHM's motion to assess fees against Mr. Love.  *See Durrett*, 678 F.2d at 916.  Therefore, MHM is entitled to an award against Mr. Love for its

---

Federal Rule of Civil Procedure 54(d), the Eleventh Circuit held that "[i]f a district court . . . chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc).

Here, Mr. Love's written response is silent about ability to pay.  He asserted in his argument at the January 14, 2014 hearing that he does not have the resources to pay a large fee award, but he did not offer any evidence to show his inability to pay.  Thus, the court lacks a foundation upon which to consider reducing any fee award on the basis of inability to pay.

reasonable attorneys' fees.  Furthermore, the court finds that the fees charged and hours expended in this case are reasonable and necessarily incurred in defense of the claims.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299–1302 (11th Cir. 1988).  Accordingly, under the circumstances of this case, MHM's motion for attorneys' fees is due to be granted.

**B.     Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorneys' fees, "should be allowed to the prevailing party."  In this case, the Clerk of the Court has yet to tax MHM's costs as billed (Doc. # 31) because the final judgment does not expressly provide that costs are taxed against Mr. Love.  (*See* Doc. # 26.)  Thus, this order will clarify that the Clerk of the Court shall tax costs against Mr. Love as billed by MHM in its Bill of Costs.

### IV.  CONCLUSION

It is ORDERED that MHM's motion for attorneys' fees (Doc. # 27) is GRANTED.  MHM's attorneys' fees in the amount of $112,100.80 are ASSESSED against Mr. Love.

It is further ORDERED that costs are TAXED against Plaintiff.  The Clerk of the Court is DIRECTED to tax the $2,571.41 billed in MHM's Bill of Costs (Doc. # 31).

DONE this 22nd day of January, 2014.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE